IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 07- |
| PERFECTA, L.L.C. ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Polish authorities seek information from the Delaware Secretary of State's Office and a corporation found within the state of Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 11/13/07

*Document executed on official paper of the District Public Prosecutor's Office in Bydgoszcz*

Bydgoszcz, February 6th, 2007

File no.: I Oz 5/07

# REQUEST
## for legal assistance in a criminal case

District Public Prosecutor's Office in Bydgoszcz, 6th Department for Organized Crime supervises investigation in case number VI Ds. 49/06 conducted by the Bydgoszcz Board of the Central Investigation Bureau of the Chief Police Command regarding causing unfavorable administration of significant funds to the detriment of Perfekta Spółka z ograniczoną odpowiedzialnością based in Bydgoszcz and Crulex Spółka z ograniczoną odpowiedzialnością based in Bydgoszcz, i.e. crimes under article 286 paragraph 1 of the Criminal Code in relation to article 294 paragraph 1 of the Criminal Code and posing punishable threats on December 14th, 2004 against Grzegorz Galiński i.e. crime under article 190 paragraph 1 of the Criminal Code.

Based on the materials gathered in the proceedings, the following facts have been established.

At the end of 2002 in Warsaw, Grzegorz Galiński – president of Perfecta dealing with trade in liquid gas met Robert Biały – managing business in liquid fuel trade, i.e. "Biały Import & Export Ltd." based in Delsjogaten 16, 21761 Malmo, through Andrzej Jaroszewicz – president of IMER S.A. based in Warsaw. Robert Biały – a businessmen with a Swedish passport was to act as an agent in deliveries of gas from Russia for Perfecta, and he made his position in this business credible by presenting the invoice of sale of USD 5 million worth oil to Petrochemia Płock. In the Russian Federation and in Latvia Robert Biały was represented by a Latvian citizen – Victor Trachums. In execution of the aforementioned undertaking, i.e. supplies of fuel from the Eartern border, chiefly propane-butane gas, Perfecta, represented by Grzegorz Galiński, was interested in purchase of containers for transport of the aforementioned product. Therefore, it concluded several agreements with Robert Biały in 2003, including the following, regarding deliveries of the containers and gas:

1) agreement number 2/P/2003 dated February 25th, 2003 regarding delivery of 6 containers for gas transport, according to the specification established in negotiations, of value amounting to EUR 99,800. The agreement was to be executed within 90 days, and Robert Biały received advanced payment in this respect, in amount of EUR 50 thousand as payment for invoice number PL/K-02/3-2003 dated February 26th, 2003 of value amounting to EUR 50 thousand for sale of 4 containers under the aforementioned agreement. The containers were to be collected from Riga. R. Biały agreed to equip the object of the agreement with all due certificates. The agreement was never executed.

2) Agreement number 1-1110/032KC dated June 20th, 2003 (according to the testimony of the injured party, modifying and extending the settlements resulting from the agreement number 2/P/2003 dated February 25th, 2003) regarding delivery of 30 containers-cisterns for gas transport, FCA rail station of the manufacturer in the Russian Federation, for the unitary price of USD 19.5 (in total: USD 585 thousand). The containers were to be supplied to the Polish border; the agreement was to be executed under INCOTERMS 2000. Pursuant to this agreement, Robert Biały issued invoice number 1-110/032KC-01

on June 24th, 2003 for the amount of USD 585 thousand, which has not been paid by the injured party due absence of funds on its part, Perfecta never received any containers.

3) Agreement number 20-555/LPG dated August 30th, 2003 regarding supply of gas and its mixtures to Perfecta from Russia, during the period between September 2003 and December 2004 in quantities and for prices agreed by the parties. The gas was to be supplied in cisterns, leased by Perfecta from EKSIF, on rail or road platforms, to the border crossing in Siemianówka, Brześć, or Małoszewicze, and other places as agreed by the parties. The parties agreed that the date of the border crossing, as confirmed by the seal placed by the Polish customs authorities on the bill of lading will be deemed to the date of delivery. Perfecta agreed to pay for the lease of the cisterns from the profit gained according to the 50% - 50% pattern, and to deliver the cisterns to the place of loading. Perfecta paid PLN 20 thousand in cash on September 17th, 2003, to the hands of R. Biały as advance payment toward the future deliveries, and Crulex (granted a loan to Perfecta) – PLN 180 thousand on September 16th, 2003. Robert Biały failed to execute this agreement, too.

Irrespective of the fact that the company represented by Robert Biały received significant funds from Perfecta, none of the aforementioned agreements was executed. Interrogated as a witness, Robert Biały pointed out he made numerous obligations in execution of the aforementioned agreements concluded with Perfecta, e.g. on April 22nd, 2003 he concluded agreement number 50-1110/032164 for delivery of 500 containers, with National Enterprise of Foreign Trade Unification "MASZYNOIMPORT" based in Moscow 119200. The aforementioned agreement was then on the same day amended by Annex 1, pursuant to which the number of the containers ordered was reduced to 100, and by Annex 2 dated April 24th, 2003 providing that the agreement number 50-1110/032164 will come into force on receipt by the Purchaser ("Biały Import & Export" Ltd.) of notification in writing from the Vendor ("MASZYNOIMPORT") about its being ready to accept advance payment provided for in the aforementioned agreement.

According to R. Biały, he transferred USD 50 thousand as advance payment to National Enterprise of Foreign Trade Unification "MASZYNOIMPORT", received from Perfecta, the company met its obligations as set out in the agreement, and manufactured 30 containers in a factory in Riga (no details about the factory), and then issued an invoice to Robert Biały, acting as "Biały Import & Export" Ltd. for over USD 600 thousand. However, Perfecta failed to collect the containers from Robert Biały. In such situation, the assistant of Robert Biały in Latvia and in the Russian Federation – Victor Trachums agreed with "MASZYNOIMPORT" that they will change the logo on the containers manufactured for Perfecta and will sell the containers, returning the advance payment made by Robert Biały, i.e. USD 50 thousand. "MASZYNOIMPORT" has already sold some containers and R. Biały waits for his money.

Additionally, according to Robert Biały, it was Victor Trachums that handled the aforementioned agreement on his behalf. Turnover on the banking accounts of "Biały Import & Export" Ltd. do not prove that "MASZYNOIMPORT" received any transfers; on March 13th, 2003 the amount of USD 35 thousand was transferred to Riga – to Victor Trachums. On November 26th, 2003, the amount of PLN 101,181.15 was transferred from the banking account of Robert Biały to the account of DORIAN INVESTMENTS LTD. in the USA, 15 East North Str. Dover, De 19901. According to Robert Biały, for the purpose of execution of agreement number 20-555/LPG dated August 30th, 2003, regarding supply of the gas and its mixtures to Perfecta from Russia, he concluded agreement number 15/20-23/LPG with an Amercan company DORIAN INVESTMENTS LTD. which agreed to supply propane-butane and its mixtures to the aforementioned, between November 2003 and January 2005. Pursuant to the agreement, DORIAN INVESTMENTS LTD. was represented by its Director A.

Sazanov (alternative spelling of his name: Alex Sazanoff, is present in other documents signed by the company). Having concluded the agreement, Robert Biały provided his business partner with the aforementioned amount of PLN 101,181.15, obtained as advance payment for the supply of gas from Perfecta. However, no gas deliveries were made for Perfecta – according to Robert Biały because of the Board of Directors of Perfecta.

For the purpose of verification of the evidence gathered in the case, including the witness testimony and materials collected, it is necessary to interrogate as a witness the Director of DORIAN INVESTMENTS LTD., i.e. Mr. A. Sazanov (Alex Sazanoff) or any other employee of the said company about his business with "Biały Import & Export" Ltd. based in Delsjogaten 16 Malmo, Sweden, and other individuals and companies referred to in the case. Interrogation of the representative of the aforementioned company is necessary for making the essential decisions in this case.

Therefore, we hereby respectfully apply for the following assistance:

I/ interrogation as a witness of A. Sazanov (Alex Sazanoff) – the Director of DORIAN INVESTMENTS LTD. based in the USA, 15 East North Str. Dover, De 19901 regarding conclusion of agreement number 20-555/LPG dated August 30th, 2003 with "Biały Import & Export" Ltd. (Attachment No. 1) or any duly authorized representative of the company, and at the same time show him/her the documents enclosed hereto as Attachments No. 1, 2, and 3, in the following respects:

1. Does the witness know "Biały Import & Export" Ltd. based in Delsjogaten 16 Malmo, Sweden?
2. When and in what circumstances did he/she made contacts with the said business?
3. Who represented the company or acted on its behalf?
4. What kind of cooperation did his/her company commence with that business or with its representatives?
5. What agreements have been concluded, was the agreement 20-555/LPG dated August 30th, 2003 among them, if so, who really represented his/her company and "Biały Import & Export" Ltd., when did the negotiations commence, has the agreement been executed, if so, did his/her company receive the advance payment and did it request such advance payment under the aforementioned agreement, and if the agreement has not been executed – what were the reasons (Attachment No. 1)?
6. Have the signatures under the aforementioned agreement been placed by the representative of the company, is the seal on the document the official seal of the company (Attachment No. 1)?
7. Due to what reason and upon whose initiative was Ryazan the place of the first delivery of goods pursuant to point 2.3 of the aforementioned agreement, what refinery in Ryazan was to supply the goods (full name) and what was the place of delivery of the following supplies, who established this issue (Attachment No. 1)?
8. Was Pawel Wasilevskis the employee of the company in 2003-2004, if so, what was his scope of duties, the place of work?
9. Did he participate in the conclusion of agreement number 15/20-23/LPG with "Biały Import & Export" Ltd., what was his contribution, did he has authorizations of the company to act in business with the said company, what authorizations (Attachment No. 1)?

10. Do you know the present place of residence, or work, or stay of Pawel Wasilevskis, if so, please provide the relevant information.
11. Did the company issue invoice number 2003/9 for the amount of EUR 21,500 in relation to the aforementioned agreement, if so, has the invoice been paid and when (Attachment No. 2)?
12. Why was the invoice issued in Riga in Latvia, did the company have an affiliate there, branch office there in 2003?
13. Has the company incurred damages – if so, in what amount, in respect of the agreements with "Biały Import & Export" Ltd., was the damage claimed to be repaired by "Biały Import & Export" Ltd. or its representatives?
14. Please give your opinion about the documents presented, are they compliant with the documents in your possession, please provide us with Xerox copies of the documents regarding cooperation with "Biały Import & Export" Ltd.
15. Do you know Victor Trachmus – if so, in what circumstances and when did you meet him, was there any cooperation commenced, what kind of cooperation, what was the course of the cooperation, when did it expire, did the aforementioned person represent any company, if so, please provide full details of the said business?
16. Do you know Władysław Turbanow, if so, when and in what circumstances did you meet him, did he represent any business, if so, what?
17. Do you know a Polish company Perfecta Spółka z ograniczoną odpowiedzialnością based in Bydgoszcz, ul. Fabryczna 11, if so, please inform us when and in what circumstances did you make contact with the said business, who represented it?
18. Did you wish to purchase Perfecta Spółka z ograniczoną odpowiedzialnością, why – in reference to the "Letter of Intent" dated December 17th, 2004 (Attachment No. 3)?
19. Did you take any measures to purchase the aforementioned business, what measures, why was the transaction not executed (Attachment No. 3)?
20. What was the role of Robert Biały, representing "Biały Import & Export" Ltd., in the process of the Perfecta Spółka z ograniczoną odpowiedzialnością acquisition (Attachment No. 3)?
21. Are the signature of Alex Sazanoff and the seal of the DORIAN INVESTMENTS LTD. placed in the "Letter of Intent" genuine (Attachment No. 3)?
22. Do you have a copy of the aforementioned document, if so, please enclose its Xerox copy (Attachment No. 3)?

Prior to the interrogation, please advise the witness about criminal liability for false testimony and concealment of truth pursuant to article 233 of the Polish Criminal Code and make a record of the interrogation, provided that your applicable law does not provide otherwise.

The record should contain full information about the witness (full name, date and place of birth, parents' names, residential address, and correspondence address).

Please also enter a note about the fact that the witness has been duly advised about article 233 paragraph 1 of the Polish Criminal Code.

The witness should confirm his/her testimony by his/her own signature on each page under the text.

II/ If the witness provides documents other than those enclosed hereto, please enclose them too, or obtain their Xerox copies.

We will be very grateful for your assistance and we ensure you that we are willing to assist you in cases that you aver request assistance.

At the same time we would like to tell you that the materials and documents obtained under the legal assistance proceedings will not be used for any other purpose.

In case of any doubts and questions, please do not hesitate to contact us under the phone or fax number +48 52 34 77 574.

Yours sincerely,

*Oblong stamp:*

Deputy District Public Prosecutor

in Bydgoszcz

Piotr Grzegorek

*(-) signature illegible*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: District Public Prosecutor's Office in Bydgoszcz *2*

Attachments:

1/ Attachment No. 1 – Xerox copy of agreement number 15/20-23/LPG dated November 21st, 2003 concluded between "Biały Import & Export" Ltd. and DORIAN INVESTMENTS LTD.

2/ Attachment No. 2 – Xerox copy of the invoice number 2003/9 dated November 21st, 2003 issued by DORIAN INVESTMENTS LTD. to "Biały Import & Export" Ltd., for the amount of EUR 21,500.

3/ Attachment No. 3 – Letter of Intent dated December 17th, 2004 addressed by DORIAN INVESTMENTS LTD. to Robert Biały.

4/ Attachment No. 4 – excerpt from the Polish Criminal Code dated June 6th, 1997.

5/ Attachment No. 5 – excerpt from the Code of Criminal Procedure dated June 6th, 1997.



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc No. 07- |
| PERFECTA, L.L.C. ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.

_____
United States District Court Judge